FILED
2022 Jun-27  AM 10:39
U.S. DISTRICT COURT
N.D. OF ALABAMA

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## EASTERN DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ] | |
| | ] | |
| **Plaintiff,** | ] | |
| | ] | |
| **v.** | ] | **Civ. No: 1:20-cv-01905-ACA** |
| | ] | |
| **HOUSING AUTHORITY OF** | ] | |
| **ASHLAND ALABAMA, et al.,** | ] | |
| | ] | |
| **Defendants.** | ] | |

## MEMORANDUM OPINION AND ORDER

Before the court is Defendant Ashland Housing Authority's ("AHA") motion to compel certain discovery responses from the United States of America. (Doc. 52).

The discovery requests at issue are:

### Interrogatory 14

**Identify** all individuals (including without limitation current/former AHA residents, current/former Ashland Heights I/II residents, AHA/Ashland Heights I/II applicants, current/former AHA employees, current/former employees of **Southern Defendants**, journalists, reporters, state agencies, and/or federal agencies) from whom **you** have obtained oral and/or written statements regarding or pertaining to this litigation, including stating whether the statements were written or recorded.

### Interrogatory 16

**Identify** all individuals who have responded to letters like or similar to Exhibit 1, including without limitation those who responded to the hotline number provided, the e-mail address provided, or otherwise.

## **Request for Production 17**

Produce any and all **documents**, including without limitation e-mails and/or voice messages received in response to any letters sent to third-parties like or similar to the one attached hereto as Exhibit 1.

(Doc. 52 at 4–8).

The court held a hearing on AHA's motion on June 16, 2022. [1]  At the hearing, the court denied AHA's motion to compel answers to Interrogatory 14 and granted AHA's motion to compel answers to Interrogatory 16.  (Tr. at 29; *see also* doc. 52 at 4–11).  The court ordered the United States to provide AHA with the discovery requested in Interrogatory 16 within fourteen days.  (*Id.*).  Remaining is AHA's motion to compel the United States to respond to Request for Production 17 ("RFP 17").  (Doc. 52 at 8).

The documents requested in RFP 17 relate to outreach letters the United States sent to former AHA residents in January 2022 asking recipients to share their experiences living at AHA either by leaving a voicemail with the Housing Discrimination Hotline or sending an email to the Department of Justice.  (Doc. 52-11 at 7).  AHA seeks "[t]he e-mails, voice messages, or other documents reflecting any third-party's response" to these letters.  (Doc. 52 at 11).  The United States opposes RFP 17 on grounds of work product protection.  (Doc. 55 at 16–19).

---

[1] A court reporter was present, and a transcript is available upon request.  Throughout this opinion, the court cites to the draft transcript as Tr. with the corresponding page number(s).

Ordinarily, "a party may not discover documents and tangible things that are prepared in anticipation of litigation or for trial by or for another party or its representative[.]" Fed. R. Civ. P. 26(b)(3)(A). And it is well established that "an attorney's notes and memoranda of a witness's oral statements is considered to be opinion work product" entitled to near absolute protection. *Cox v. Admin. U.S. Steel & Carnegie*, 17 F.3d 1386, 1422 (11th Cir. 1994) (citing *Upjohn Co. v. United States*, 449 U.S. 383, 399–400 (1981)).

AHA does not dispute that the letter the United States sent to current and former AHA tenants was prepared in anticipation of this litigation. (*See* doc. 52 at 10). But the tenants' responses to that letter were not prepared by or for the United States' attorneys. (*See id*. at 14–17). And AHA is not asking the United States to turn over any notes or memoranda concerning the former residents' responses to the outreach letters or otherwise compile the responses in a way that might reveal the United States' attorneys' mental processes. (*See id*.). AHA's request is limited to the written and recorded responses made by former residents in response to the United States' general letter requesting the former residents share their experiences living at AHA. (*See id*.). This request does not implicate work product protection.

Therefore, the court **GRANTS** AHA's motion to compel responses to RFP

17.  The United States must provide AHA with the materials requested in RFP 17

**on or before July 18, 2022**.

    **DONE** and **ORDERED** this June 27, 2022.

_____

**ANNEMARIE CARNEY AXON**
UNITED STATES DISTRICT JUDGE